[SEE SIGNATURE PAGE FOR COUNSEL]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SEER SYSTEMS,

Plaintiff,

v.

APPLE INC.,

Defendant.

APPLE INC.,

Counterclaimant,

v.

SEER SYSTEMS,

Counterdefendant.

Case No. 3:13-cv-05252-VC

JOINT CASE MANAGEMENT STATEMENT AND ORDER

Courtroom 4 - 17th Floor
Hon. Vince Chhabria

Plaintiff and counterdefendant Seer Systems and defendant and counterclaimant Apple Inc. jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and the Order Reassigning Case dated April 17, 2014.

**1. JURISDICTION & SERVICE**

This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. Subject matter jurisdiction is conferred upon this Court under 25 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question). The parties do not dispute subject matter jurisdiction, personal jurisdiction, venue or service. There are no other parties to be served in this case at this time.

**2. FACTS**

*Plaintiff's Statement:*

Seer is the owner of the patent-in-suit and was a leading innovator in the field of MIDI music at the time that its founder, Stanley Jungleib, invented in October 1996 what later became United States Patent No. 5,886,274 ("the 274 patent"). The '274 patent describes a "System and Method for Generating, Distributing, Storing and Performing Musical Work Files."

Before Seer, Mr. Jungleib was an integral part of a team at Sequential Circuits, the company founded by another MIDI industry leader, Dave Smith, that created the *Prophet* line of synthesizers that were once fixtures on rock and jazz stages. Together at Seer, they created the first software based synthesizer running on a PC. This synth, commissioned by Intel, was demonstrated by Andy Grove in a Comdex keynote speech in 1994. The second generation of this software synthesizer sold over 10 million copies, as a result of being licensed to Creative Labs in 1996; it was responsible for 32 of the 64 voices in Creative Labs' AWE 64 line of soundcards. The third generation of this software synthesizer, re-named *Reality*, was the world's first fully professional software synthesizer. *Reality* was the recipient of a 1998 Editors' Choice Award, and earned Electronic Musician Magazine's highest possible rating.

On November 12, 2013, Seer filed its Complaint for patent infringement in the Northern District of California. Seer primarily alleges that Apple has infringed and continues to infringe the

'274 Patent by making, importing, using, offering to sell, and selling without Seer's authority (a) "Garageband version 1.2" by and through its "Jam Session" feature for iOS devices known as iPhone 4 or later, iPod touch 4th generation or later, and all iPads, and (b) Mac to the extent it imports, edits and exports files containing the "Jam Session" feature from such iOS devices

The present action follows two actions in this District that are now closed, *Seer v. Beatnik, et al. (*USDC ND CA Case No. C 03 4636 JSW (EDL)), where two claims construction orders issued, and *Seer v. Yamaha*. (USDC ND CA Case No. C 06 07736 WHA). It also follows an Ex Parte Reexamination initiated by the Electronic Frontier Foundation in 2008, represented by then prominent litigation boutique Day Casebeer, et al. The EFF asserted most, if not all, of the invalidity defenses and prior art references previously asserted by Beatnik, Microsoft in the *Beatnik* action and Yamaha. The EFF's effort failed; the '274 patent survived relatively unscathed.

*Apple's Statement:*

Apple denies that it has infringed any valid and enforceable claim of the '274 patent, whether directly or indirectly, literally or under the doctrine of equivalents; and has filed related counterclaims.

Seer filed an action for patent infringement on November 12, 2013 accusing Apple, Inc. of infringing U.S. Patent No. 5,886,274 (the "'274 patent") entitled, "System and Method for Generating, Distributing, Storing, and Performing Musical Work Files." Specifically, Seer accuses Apple of infringement by making, importing, using, offering to sell, and selling without Seer's authority (a) Garageband (i) version 1.2 with its "Jam Session" feature for iOS devices known as iPhone 4 or later, iPod touch 4th generation or later, and all iPads; (ii) "all versions as implemented above for Mac, such as those compatible with OS X 10.9 or later, that allow for iCloud, iTunes, LogicPro and LogicExpress"; and (b) "any of the above devices (or their components) that embody one or more the patented inventions."

Apple denies that it has infringed any valid and enforceable claim of the '274 patent, whether directly or indirectly, literally or under the doctrine of equivalents; and has filed related counterclaims.

**3. LEGAL ISSUES**

The legal issues in dispute are those raised in Seer's Complaint, and Apple's affirmative defenses and counterclaims, including the following:

- Whether Apple infringes the '274 Patent;
- Whether Seer's '274 Patent is valid and/or enforceable;
- The amount of damages and other monetary relief for which Apple is allegedly liable; and,
- The proper construction to be given to the claims of the patent-in-suit.
- The determination of whether Seer's claim is barred, in whole or in part, by the various equitable and legal defenses raised by Apple.

**4. MOTIONS**

There have been no pending or prior motions.

**5. AMENDMENT OF PLEADINGS**

The deadline for amending pleadings was March 7, 2014.

**6. EVIDENCE PRESERVATION**

The parties conducted their Rule 26(f) conference on February 10, 2014. The conference was conducted telephonically with lead counsel for each party in attendance. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and hereby represent that they have taken reasonable and proportionate efforts to preserve pertinent evidence in this case, including electronic data and materials. During the conference, the parties discussed entering into a form of stipulated order, such as the Model provided at the USDC ND website.

The parties agree that back-up tapes need not be preserved. Seer further agrees that Apple does not need to preserve information relating to the incidence of crashes by the GarageBand application.

**7. DISCLOSURES**

The parties exchanged initial disclosures on February 28, 2014.

**8. DISCOVERY**

Presently, the parties contemplate employing the discovery procedures provided under the Federal Rules Local Rules, except as otherwise provided by the Court's Standing Order for Civil Cases issued on April 16, 2014 at paragraph 10 and except that the parties agree to limit the number of requests for admissions a party may seek to 25 except as regards authenticity or admissibility of documents. The parties presently do not seek modification of the presumptive limits for particular requests and procedures as set out in the Federal Rules of Civil Procedure, Local Rules and aforesaid Order at this time.

Seer intends to request that the deposition of the named inventor be less than 7 hours. Apple does not agree to this proposal at this time, but will consider Seer's request after it has received documents and prior deposition transcripts in this case.

The parties have stipulated to a protective order (ECF No. 26), which was entered by the Court with conditions (ECF No. 27). The parties also agree that documents protected by the attorney client and/or work product privileges exchanged with litigation counsel or created after the initiation of the present lawsuit need not be identified on a privilege log.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

There are no related pending cases.

**11. RELIEF**

*For Seer's Case*

Seer's Complaint seeks the following relief:

    a. That Apple be adjudged to have infringed the '274 patent under 35 U.S.C. § 271(a);

    b. That relative to its post-commencement activity only, Apple be adjudged to have infringed the '274 patent under 35 U.S.C. § 271(b) by inducing others to infringe directly the '274 patent under 35 U.S.C. § 271(a);

    c. That this Court award damages to compensate Seer for Apple's infringement

pursuant to 35 U.S.C. § 284;

d. That this Court assess pre-judgment and post-judgment interest and costs against Apple, and award such interest and costs to Seer pursuant to 35 U.S.C. § 284; and

e. That Seer have such other and further relief as the Court may deem proper.

Seer anticipates that the calculation of damages will be based upon a reasonable royalty analysis. It respectfully submits that it will not be able to state with specificity the final amount of these damages, or to provide a computation thereof, until after it has conducted additional discovery and investigation. It commenced the present action based upon certain confidential information it is prepared to produce to Apple promptly after the stipulated protective order is entered into by the parties.

*For Apple's Case*

Apple has asked for the following relief:

a. A declaration that Apple has not and does not infringe, whether directly, or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '274 patent;

b. A declaration that each and every one of the claims of the '274 patent are invalid and/or unenforceable;

c. Dismissal of all of Seer's claims against Apple in their entirety and with prejudice;

d. A declaration that Seer take nothing by way of its Complaint;

e. An order awarding Apple its costs pursuant to 35 U.S.C. § 284 and/or Rule 54(d) of the Federal Rules of Civil Procedure;

f. An order finding this an exceptional case under 35 U.S.C. § 285, and awarding Apple its costs and fees in this action, including attorney's fees, and prejudgment interest thereon; and

g. An order awarding Apple such further relief as the Court may deem appropriate under the circumstances.

**12. SETTLEMENT AND ADR**

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference and have agreed to private mediation. The parties have filed their ADR Certifications and Stipulation before the Case Management Conference and have provided copies to the ADR Unit. The parties have scheduled a mediation with the Hon. Edward A. Infante (Ret.) of JAMS for June 11, 2014.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

There was not unanimous consent.

**14. OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

At this time, the parties do not foresee bifurcating any issues, claims, or defenses. Subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not consent to the expedited trial procedure.

**17. SCHEDULING**

The parties are proceeding under the Case Management Conference Order issued on February 20, 2014 (ECF No. 23). Consistent with the Court's Standing Order for Civil Cases issued on April 16, 2014 (at paragraph 18), there will be no first phase claim construction hearing and the Court will only conduct claim construction in conjunction with a dispositive motion.

Apple proposes, and Plaintiff will accommodate subject to Court approval, the following proposed revision to the current case deadlines under the February 20, 2014 Case Management Order (ECF No. 23). The proposed schedule pushes out three of the current case deadlines regarding expert discovery by one week, the first of which falls on January 2, 2015. The deadlines thereafter remain the same. Apple respectfully requests this modest extension because opening reports are served on December 19, and a January 2 deadline of rebuttal expert reports

would mean that experts would need to work over Christmas and the New Year's holiday. This, in turn, may limit Apple's ability to engage experts who are able to work over this time period.

| Event | Current Deadlines | Proposed Deadlines |
|---|---|---|
| Exchange Claim Terms (P.R. 4-1; 14 days after IC) | May 5, 2014 | |
| Exchange Preliminary Claim Constructions (P.R. 4-2; 21 days after P.R. 4-1) | May 27, 2014 | |
| Joint Claim Construction Statement (P.R. 4-3; 60 days after IC) | June 20, 2014 | |
| Private Mediation Deadline | June 27, 2014 | |
| Claim Construction Discovery Deadline (P.R. 4-4; 30 days after P.R. 4-3) | July 21, 2014 | |
| Listing of Issues for Expert Testimony | November 21, 2014 | |
| Fact Discovery Cutoff | December 19, 2014 | |
| Disclosures of Opinions of Counsel (P.R. 3-7) | November 21, 2014 | |
| Opening Expert Reports | December 19, 2014 | |
| Rebuttal Expert Reports | January 2, 2015 | January 9, 2015 |
| Reply Expert Reports | January 9, 2015 | January 16, 2015 |
| Dispositive Motions Deadline | January 22, 2015 | |
| Expert Discovery Cutoff | January 23, 2015 | January 30, 2015 |
| Pretrial Conference | April 8, 2015 | |
| Trial | April 13, 2015 | |

**18.     TRIAL**

The parties estimate that the trial in this matter should last 8 trial days (assuming 8:30 a.m. to 2 p.m. trial days consistent with Court's Standing Order on Civil Trials). Both parties requested a jury trial.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the Certification of Interested Entities or Persons.

**20.     OTHER**

The parties agree that pursuant to Fed. R. Civ. P. 5, service of discovery requests by electronic mail (such service shall be considered First-Class mail for scheduling purposes so long as the email is sent by 5 p.m. Pacific time). Discovery responses may also be served at any time on the due date via electronic mail.

Dated: May 1, 2014

By: /s/ *Alexander M. Weyand*
ALEXANDER M. WEYAND

ALEXANDER M. WEYAND
PAUL P. DEANGELIS
REBECCA M. HOBERG
WEYAND LAW FIRM
A Professional Corporation
531 Howard Street, First Floor
San Francisco, CA 94105
Telephone: (415) 536-2800
Facsimile: (415) 536-2818

Attorney for Plaintiff
SEER SYSTEMS

Dated: May 1, 2014

By /s/ *Vincent Belusko*
VINCENT J. BELUSKO

VINCENT J. BELUSKO
BITA RAHEBI
ALEX S. YAP
JARED W. MILLER
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendant
APPLE INC.

Date: May 8, 2014

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Vince Chhabria
NORTHERN DISTRICT OF CALIFORNIA